UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/1/18

VIVIENNE A. BRUNSON-BEDI,

        Plaintiff,

-against-

THE STATE OF NEW YORK (HUDSON VALLEY DDSO), LOCAL 412 OF THE CSEA, INC., LOCAL 1000, AFSCME, AFL-CIO, and BASIL TOWNSEND, individually,

        Defendants.

No. 15 Civ. 9790 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

  Plaintiff Vivienne A. Brunson-Bedi ("Plaintiff") commenced this action on or about December 15, 2015 alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et. seq.* ("Title VII"), and the New York State Human Rights Law ("NYHRL") against the State of New York, Hudson Valley DDSO ("HVDDSO" or the "State"), Local 412 of the Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO ("CSEA"), and Basil Townsend ("Townsend") (collectively "Defendants") for sexual harassment, a hostile work environment, discrimination, and retaliation. (*See* Complaint ("Compl.") (ECF No. 1), ¶¶10-11.)

  Now pending before the Court are four motions: (1) Plaintiff's motion to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a); (2) Defendant HVDDSO's cross-motion to dismiss for lack of subject matter and personal jurisdiction, insufficient service of process, and failure to state a cause of action pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6), respectively; (3) Defendant CSEA's motion to dismiss for

insufficient service of process and failure to state a cause of action pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), respectively; and (4) Defendant Townsend's motion to dismiss for failure to state a cause of action and for sovereign immunity pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. (*See* Plaintiff's Affirmation in Support of Motion to Amend ("Plf. Br.") (ECF No. 58), ¶1; Defendant HVDDSO's Brief in Support of the Motion to Dismiss ("State Br.") (ECF No. 37), at 1; Defendant CSEA's Brief in Support of the Motion to Dismiss ("CSEA Br.") (ECF No. 41), at 1-2; Defendant Townsend's Motion to Dismiss ("Townsend Mot.") (ECF No. 31), at 1-2.) For the following reasons, Plaintiff's motion to amend is DENIED, Defendants HVDDSO and CSEA's cross-motions to dismiss are GRANTED, and Defendant Townsend's motion to dismiss is GRANTED.

## FACTUAL BACKGROUND

Plaintiff's Complaint asserts violations of Title VII and the NYHRL for alleged employment discrimination in the form of sexual harassment, hostile work environment, and retaliation. (*See* Compl. ¶¶10-11, 23.)[1]

Plaintiff's employ with HVDDSO began in 1987 and on August 29, 2013, Plaintiff obtained the elected position of Secretary for Local 412 within the CSEA, a local labor union. (*See* Compl. ¶¶8-9, 21.) In her capacity as Secretary for Local 412, Plaintiff was responsible for representing employees of CSEA during grievance hearings and claims that Defendant Townsend, then President of Local 412, was her supervisor. (*Id.* ¶¶22, 32.) Plaintiff alleges that, while in this position, between October of 2013 and November of 2014, Defendant Townsend severally and routinely sexually harassed her, by making lude comments and sexual advances toward her, despite

---

[1] In support of her motion to amend, Plaintiff has provided a copy of her Proposed Amended Complaint ("PAC"). (*See* Plf. Br., Ex. 5.) As detailed below, since this Court's decision is rendered on matters outside the sufficiency of the pleadings, all citations to factual allegations will be to the original Complaint.

2

her repeated refusal of his advances. (*Id.* ¶¶25, 30-31.) On November 3, 2014, Plaintiff commenced FMLA leave, and alleges that the following day Defendant Townsend rescinded her position as Secretary of Local 412, "in retaliation for her reporting of the sexual harassment . . . and for her refusal to engage in sexual relations with Defendant Townsend." (*Id.* ¶¶48-49.)[2] As a result, Plaintiff claims that she lost compensation and was harmed. (*Id.*)

Plaintiff filed charges against both Defendants CSEA (Charge No. 520-2015-01102) and HVDDSO (Charge No. 520-2015-02217) with the United States Equal Employment Opportunity Commission ("EEOC") on September 8, 2015. (*See* Declaration of Leslie C. Perrin in Support of Defendant CSEA's Motion to Dismiss ("Perrin Decl.") (ECF No. 42), Exs. B, H.)[3] On September 21, 2015, Plaintiff received a Notice of Right to Sue ("right-to-sue letter") indicating that the EEOC was terminating its processing of the charge against CSEA, and that if Plaintiff wished, she was entitled to initiate federal or state suit against CSEA within 90 days of her receipt of the notice. (*See* Compl. Ex. 1.) Eighty-five days later, Plaintiff initiated this lawsuit against CSEA, Defendant Townsend, and HVDDSO, despite not having yet received a right-to-sue letter for claims against HVDDSO. (*See generally* Compl.) Approximately two months later, on February 11, 2016, Plaintiff received a right-to-sue letter authorizing her to file suit in federal or state court against HVDDSO within 90 days of the date she received that letter. (*See* Perrin Decl., Ex. I.)

---

[2] The date on which this conduct occurred is inconsistently cited in the Complaint. In one location, Plaintiff alleges that the retaliatory conduct occurred on December 3, 2013 and in another on November 4, 2015. (*Compare* Compl. ¶33 *with* ¶48.) The conduct could not have taken place in 2015, as Plaintiff received her right-to-sue letter on September 21, 2015 and had already undergone a judicial proceeding with CSEA regarding Townsend's conduct by that time. (*See* Compl. ¶¶52-55, Ex. 1.) Additionally, the Complaint otherwise alleges, and the Defendants agree, that Plaintiff began her FMLA leave on November 3, 2014 and the alleged retaliatory conduct took place the following day. (*See* Compl. ¶44; *see also* CSEA Br. at 4; State Br. at 2.)

[3] The Court can properly consider these documents in assessing exhaustion on a 12(b)(6) motion as they are integral to the Complaint. *See Gomez v. New York Police Dep't*, 191 F. Supp. 3d 293, 299 (S.D.N.Y. 2016); *see also Morrow v. Metro. Transit Auth.*, No. 08-CV-6123(DLC), 2009 WL 1286208, at *4 (S.D.N.Y. May 8, 2009).

On May 27, 2016, Plaintiff requested that the Southern District of New York issue summonses for Defendants Townsend, CSEA, and HVDDSO, in preparation for serving each with a copy of her December 15, 2015 Complaint. (*See* ECF Nos. 5-7.) The summonses were issued the same day. (*See* ECF Nos. 8-10.) Defendant Townsend was properly served on June 21, 2016 (*See* ECF No. 12.) Plaintiff attempted to serve HVDDSO on June 9, 2016, and in so doing served the New York State Attorney General with a copy of the summons and Complaint, not HVDDSO. (*See* State Br. at 3.) To date, Plaintiff has not filed an Affidavit of Service regarding service of HVDDSO. On September 1, 2016, Plaintiff properly served CSEA.[4]

## DISCUSSION

I. **Standard of Review**

A. **Rule 15(a)**

Federal Rule of Civil Procedure 15 governs amendments to pleadings. After the first amendment to a plaintiff's complaint, further amendments are conditioned on either "the opposing party's written consent or the court's leave"—the latter of which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may "deny leave to amend where the motion has been made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). "[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block v. First*

---

[4] CSEA argues that it was not properly served until September 15, 2016, as Plaintiff served CSEA with a summons issued in a different action on September 1, 2016, and cured this defect on September 15, 2016. (*See* CSEA Br. at 6 n. 4.) While Plaintiff does not appear to object to this contention, (*see generally* Plf. CSEA Opp'n), the affidavit of service filed with this Court indicates that CSEA was served on September 1, 2016, (*See* ECF No. 21), and CSEA has provided no evidence to refute this document. Ultimately, the precise date in September of 2016 on which CSEA was properly served is immaterial for purposes of this motion, as the statute of limitations had long since expired by September of 2016.

4

*Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983)).

Irrespective of whether undue delay, prejudice, or bad faith can be established, leave to amend may independently be denied "on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) (quoting *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110-11 (2d Cir. 2001)); *accord Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment is equally futile if a plaintiff's claims should be dismissed for improper service "which cannot be cured by further amendment of [a c]omplaint." *Levitant v. N.Y. Workers Comp. Bd.*, No. 16-CV-6990(ER), 2018 WL 1274734, at *4 (S.D.N.Y. Mar. 8, 2018); *see also Maranga v. Abdulmutallab*, 903 F. Supp. 2d 270, 273 (S.D.N.Y. 2012) (finding amendment futile where motions for improper service and failure to state a claim were granted).

**B.     Rule 12(b)(6)**

Exhaustion is properly considered on a Rule 12(b)(6) motion. *Shaw v. U.S. Postal Service*, No. 09-CV-6617(DAB)(HBP), 2010 WL 3749233, at *10 (S.D.N.Y. Aug. 16, 2010)(discussing exhaustion on a 12(b)(6) motion), *report and recommendation adopted by* 2010 WL 3767115 (S.D.N.Y. Sept. 27, 2010). As with all other motions to dismiss pursuant to this rule, dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

A court's review is typically confined to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). Nevertheless, a court may consider documents attached to a motion to dismiss provided they are documents that are integral to the complaint without converting to a summary judgment motion. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *see also Chamberlain v. White Plains*, 986 F. Supp. 2d 363, 379 (S.D.N.Y. 2013). In Title VII exhaustion cases, a district court may properly consider EEOC charges and right-to-sue letters whether or not they are attached to the complaint, if they are incorporated by reference. *See Gomez v. New York Police Dep't*, 191 F. Supp. 3d 293, 299 (S.D.N.Y. 2016); *see also Morrow v. Metro. Transit Auth.*, No. 08-CV-6123(DLC), 2009 WL 1286208, at *4 (S.D.N.Y. May 8, 2009).

### C. Rule 12(b)(5)

A Court cannot properly exercise jurisdiction over a defendant in absence of "service of [the] summons" and complaint. *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (internal quotation marks omitted). On a 12(b)(5) motion for insufficient service of process, the plaintiff bears the burden of demonstrating "that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)); *see also Hood v. Ascent Med. Corp.*, No. 13-CV-628, 2014 WL 5089559, at *2 (S.D.N.Y. Oct. 9, 2014). The Court should look at matters and documents outside of the complaint in rendering a decision on this issue. *M.C. v. Westchester, New York*, No. 16-CV-3013 (NSR), 2018 WL 1033241, at *3 (S.D.N.Y. Feb. 21, 2018) (citing *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016)).

## II. Plaintiff's Motion to Amend

Critical to the success of Plaintiff's motion to amend is this Court's decision on the Defendants' motions. If granting of their motions would render amendment futile, Plaintiff's Motion should be denied. *AEP Energy*, 626 F.3d at 726 (quoting *Milanese*, 244 F.3d at 110-11). Since this Court finds that the Complaint should be dismissed for improper and untimely service and the statute of limitations would bar further suit, Plaintiff's Motion must be denied. *See Gutkowski v. Steinbrenner*, 680 F. Supp. 2d 602, 615 (S.D.N.Y. 2010) (noting that amendment is futile where "the statute of limitations infirmities . . . render futile any proposed amendment."); *Maranga*, 903 F. Supp. 2d at 273; *Levitant*, 2018 WL 1274734, at *4. The result remains unchanged regardless of whether Plaintiff has the right to amend without leave of court.

## III. Defendants' Motions to Dismiss

### A. Exhaustion

Defendant HVDDSO first contends that Plaintiff has failed to exhaust her administrative remedies because she filed this lawsuit against HVDDSO before obtaining a right-to-sue letter from the EEOC. (*See* State Br. at 5-14.) In opposition, Plaintiff argues that, in as much as she filed a charge with the EEOC naming HVDDSO on September 8, 2015 and received a notice of right-to-sue on February 11, 2016, she has exhausted her administrative remedies, and that even if she has not, multiple exceptions apply which would permit her to rely on her proper exhaustion with respect to the EEOC charge against CSEA. (*See* Plaintiff's Reply in Further Support of the Motion to Amend and Opposition to HVDDSO's Cross-Motion to Dismiss ("Plf. State Opp'n") (ECF No. 48) at 10-16.) For the following reasons, Plaintiff's receipt of the February 11, 2016 right-to-sue letter, albeit issued and received after the initiation of this lawsuit, renders any prior exhaustion defects cured.

A Plaintiff cannot file suit for alleged violations of Title VII until she timely files charges with the EEOC *and* obtains a letter of a right to sue. *See* 42 U.S.C. § 2000e-5(f)(3); *see also Williams v. N.Y. Hous. Auth.*, 458 F.3d 67, 69-70 (2d Cir. 2006); *Vega v. Fed. Ex. Corp.*, No. 09-CV-7637(RJH)(GWG), 2011 WL 4494751, at *4 (S.D.N.Y. Sept. 29, 2011) (noting that Title VII requires the receipt of right-to-sue letter before initiation of a federal case). While obtaining a right to sue letter is a "precondition to bringing a Title VII claim in federal court", it is not an unwaivable jurisdictional requirement. *Francis v. New York*, 235 F.3d 763, 768 (2d Cir. 2000); *see also DiPetto v. U.S. Postal Serv.*, 383 F. App'x 102, 104 (2d Cir. 2010) (summary order); *Benzo v. New York State Div. of Human Rights*, No. 95-CV-5362(LAP), 1997 WL 37961, at *9 (S.D.N.Y. Jan. 31, 1997). There is no question that Plaintiff failed to obtained a right-to-sue letter *before* initiating this action; thus her claims were unexhausted at the time she filed the Complaint. *See E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002); *Bey v. Welsbach Elec. Corp.*, No. 01-CV-2667(LAP), 2001 WL 863419, at *3 (S.D.N.Y. July 30, 2001) (failure to exhaust in absence of right-to-sue letter).

The inquiry, however, does not end there, as the requirement to obtain a right-to-sue letter prior to filing an action in federal court, "can be waived by the parties or the court," *Francis*, 235 F.3d at 767, under appropriate circumstances, *see id.* (defendant waived exhaustion); *Pietras v. Bd. of Fire Comm'rs of Farmingville Fire Dist.*, 180 F.3d 468, 474 (2d Cir. 1999) (affirming district court's waiver of the right-to-sue letter requirement where Plaintiff made diligent efforts to obtain the letter and was denied one).

Courts in this circuit have already held that where a plaintiff has received a "right to sue letter subsequent to commencement of a Title VII action" and while the federal action is still pending, the statutory exhaustion requirements have been met "based on . . . equitable principles."

*Benzo*, 1997 WL 37961, at *9; *see also Kounitz v. Slaatten*, 901 F.Supp. 650, 655 (S.D.N.Y. 1995); *Hladki v. Jeffrey's Consol., Ltd.*, 652 F.Supp. 388, 393 (E.D.N.Y. 1987) (where "a right to sue letter . . . received subsequent to commencement of a Title VII action", there is reason to permit an equitable modification of the exhaustion requirement); *Obago v. Union of Am. Hebrew Congregations*, No. 89-CV-0608(LBS), 1989 WL 88665, at *2 (S.D.N.Y. Aug. 3, 1989) (denying motion to dismiss for failure to exhaust where right to sue letter was received subsequent to filing the motion to dismiss). While Plaintiff's suit was still pending, in February of 2016, Plaintiff received a right-to-sue letter relevant to HVDDSO, though she did not alert the Court to its existence until HVDDSO filed a pre-motion letter seeking leave to file a motion to dismiss, for *inter alia*, lack of exhaustion. (*See* ECF Nos. 17, 22.) In line with these cases, this Court now holds that Plaintiff's receipt of her right-to-sue letter on February 11, 2016 automatically cured her defect of failing to obtain the letter prior to filing suit.[5]

While this Court acknowledges the importance of the exhaustion requirement, and recognizes the danger of permitting a Plaintiff to proceed on a claim that was not properly exhausted prior to filing the Complaint, this outcome is just and consistent with recent authority in this circuit in cases dealing with plaintiffs who had not yet received their right-to-sue letters at the time the courts decided the motions. *See Davis v. Beckwith*, No. 14-CV-6360W, 2014 WL

---

[5] Defendant HVDDSO argues that even if Plaintiff were allowed to rely on the February 2016 right-to-sue letter for purposes of exhaustion, she was required to amend the Complaint at the time she received this document. (*See* State Br. at 13 n. 6.) This Court is unpersuaded by that argument. In support of this argument, HVDDSO cites to *Johnson v. U.S. Dep't of Homeland Sec.*, No. 09-CV-00975, 2010 WL 1486910 (N.D.N.Y. Apr. 14, 2010), which is factually distinguishable from this case. In *Johnson*, the plaintiff's original complaint did not name the moving defendant, against whom plaintiff later obtained a right-to-sue. *Id.* at *1. Accordingly, there was no federal suit pending against the moving defendant and thus plaintiff was required to seek leave to amend the complaint once he received a right-to-sue letter to add the moving defendant as a party to the action. He failed to do so and his complaint was properly dismissed. *Id.* at *2. By contrast, HVDDSO was already named in Plaintiff's December 15, 2015 Complaint; thus, Plaintiff's receipt of the right-to-sue letter automatically cured the exhaustion defects. HVDDSO's citation to *Brown v. Comm'n on Human Rights & Opportunities*, No. 02-CV-223(CFD), 2008 WL 687358 (D. Conn. Mar. 10, 2008), is equally unavailing. In *Brown*, as in *Johnson*, Plaintiff's original complaint did not identify the moving defendants and, moreover, did not contain allegations relevant to the moving defendant, which allegations were related to the second EEOC charge and right-to-sue letter. *See id.* at 3.

7151141, at *2 (W.D.N.Y. Dec.10, 2014) (granting Plaintiff 35 additional days to file right-to-sue letter where Plaintiff had received but not filed a right-to-sue letter for pending, unrelated case with similar claims); *Janneh v. Regal Entertainment Grp.*, No. 07-CV-79, 2007 WL 2292981, at *3 (N.D.N.Y. Aug. 6, 2007) (dismissing claims without prejudice while Title VII claim is pending to permit Plaintiff to refile upon receipt of the right-to-sue letter); *People v. Holiday Inns, Inc.*, 656 F.Supp. 675, 678 (W.D.N.Y. 1984) ("filing of an Amended Complaint . . . cured any such procedural defect presented by the earlier pleading").

Courts in other circuits have rendered similar results. *See e.g. Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (noting that condition precedent "can be cured by subsequent receipt" of right-to-sue letter); *Pinkard v. Pullman-Standard, A Div. of Pullman, Inc.*, 678 F.2d 1211, 1218 (5th Cir. 1982) (subsequent receipt of right-to-sue letter cured "the defect with respect to the original filing of this action" and precedent allowing a plaintiff's claims to be dismissed without prejudice until they receive a right-to-sue letter was indistinguishable current issue); *Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 n.5 (3d Cir. 1984) (collecting cases and noting that exhaustion is "not a jurisdictional prerequisite" but can be "toll[ed] when equity so requires"); *Jones v. District of Columbia*, 41 F. Supp. 3d 74, 77 n.2 (D.C.C. 2014) (noting that "receipt of a right-to-sue notice during the pendency of the Title VII action cures" exhaustion defect); *Giardino v. District of Columbia*, 505 F. Supp. 2d 117, 120 (D.C.C. 2007) (providing P 60 days to obtain right-to-sue letter); *Bradford v. Gen. Tel. Co. of Michigan*, 618 F.Supp. 390 (W.D. Mich. 1985) ("entitlement to a right to sue notice, rather than its actual issuance or receipt" is prerequisite).

Since this Court finds that the issuance of a right-to-sue letter subsequent to initiation of this lawsuit cured the statutory prerequisite for exhaustion, it need not determine whether or not Plaintiff's claims against HVDDSO can be sustained on the exhaustion of the CSEA charge.

**B.    Improper Service**

Defendants HVDDSO and CSEA move to dismiss the Complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). (*See* State Br. at 14-21; CSEA Br. at 9-11.)[6] In opposition, Plaintiff concedes that service was untimely pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, but argues that the equities do not favor dismissal. (*See* Plf. State Opp'n at 16-18; *see* Plaintiff's Reply in Further Support of the Motion to Amend and in Opposition to CSEA's Motion to Dismiss ("Plf. CSEA Opp'n") (ECF No. 46) at 7-8.) Accordingly, service was defective and this Court need now only determine whether to the circumstances warrant excusing the defective service and extending Plaintiff's time to properly serve; they do not.[7]

Federal Rule of Civil Procedure 4(m) governs the consequences for untimely service of process and provides that:

> if a defendant is not served within 90 days after the complaint is filed, the court – on a motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  A court can grant an extension: (1) upon a showing of good cause; or (2) within its discretion. *Id.*; *see also Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)

---

[6] HVDDSO claims that it was improperly served because Plaintiff served the Attorney General, instead of serving HVDDSO. (*See* State Br. at 14-15 (citing Fed. R. Civ. P. 4(j)(2); N.Y. C.P.L.R. § 307(2)).) Plaintiff admits that service was improper. (*See* Plf. State Opp'n at 16.)

[7] Defendant Townsend also was not served until after the expiration of the prescribed time frame in Rule 4(m), but is not included in this analysis as he has not moved to dismiss the Complaint on the basis of improper service. (*See generally* Townsend Mot.)

(holding an extension proper "even in the absence of good cause"); *Williams v. Mid-Hudson Forensic Psych. Ctr.*, No. 16-CV-2188(NSR), 2018 WL 1581684, at *4 (S.D.N.Y. Mar. 27, 2018).

1. *Good Cause*

Plaintiff has failed to establish good cause. A court must weigh "the plaintiff's reasonable efforts to effect service [against] the prejudice to the defendant from the delay," to ascertain whether good cause exists. *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432-33 (S.D.N.Y. 2016). Plaintiff bears the burden of demonstrating that good cause exists and it is usually only found "in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Etheredge-Brown v. Am. Media, Inc.*, No. 13-CV-1982(JPO), 2015 WL 4877298, at *1 (S.D.N.Y. Aug. 14, 2015). Further, the "mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." *George*, 221 F. Supp. 3d at 433; *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000); *see also Levitant*, 2018 WL 1274734, at *4 (noting that a represented plaintiff is "not entitled to the special solicitude afforded to pro se litigants"). Plaintiff has provided no excuse for her delay; indeed, Plaintiff fails to even identify a reason for waiting to initiate the service process until May of 2016, almost two months after the expiration of the 90 day timeframe prescribed by Rule 4(m) period.[8] (*See* ECF Nos. 5-7.) When Plaintiff received the summonses, she attempted, but failed, to serve HVDDSO on June 9, 2016 by serving the

---

[8] In a pre-motion letter dated September 6, 2016, Plaintiff stated that she was unable to serve HVDDSO within 90 days of filing the complaint because she was "suffering from great financial difficulty at the time and could not afford to proceed with effecting service based upon the expense of same. (*See* ECF No. 22.) Such an excuse was not included in any of Plaintiff's papers related to the pending motions. This Court declines to consider this in deciding whether Plaintiff articulated a colorable excuse for the delay. Even if this Court considered it, the argument would still be unavailing. It is merely a conclusory statement, supported by no facts or evidence, *see DeMott v. Bacilious*, No. 11-CV-6966(PAE), 2012 WL 601074, at *3 (S.D.N.Y. Feb. 24, 2012) (noting that "conclusory statements that a defendant was properly served are insufficient"); *see also Blau v. Allianz Life Ins. Co. of North Am.*, 124 F. Supp. 3d 161, 173 (E.D.N.Y. 2015) (plaintiff must put forth more than conclusory statement), insufficient for purposes of demonstrating an excuse for service.

Complaint on the Attorney General and waited until September of 2016 to serve CSEA. (*See* State Br. at 3; CSEA Br. at 6.) Further, during the 4(m) period, Plaintiff made no efforts to request an extension of time to serve or otherwise attempt any step toward service. (*See* ECF Nos. 17-18, 22.) Plaintiff has not shown good cause; this Court will consider whether to exercise its discretion to extend Plaintiff's time to effect proper service.

   *2. Extension is Not Warranted*

When deciding whether to exercise its discretion to extend the time within which a plaintiff has to effect proper service, a district court should first consider whether the plaintiff has "advance[d] some colorable excuse for neglect." *Zapata*, 502 F.3d at 198; *see also Bogle-Assegai v. Connecticut*, 470 F.3d 498, 509 (2d Cir. 2006) (finding no abuse of discretion for dismissal for improper service where plaintiff "made no showing whatever as to any effort on her part to effect personal service"); *Smith v. Bray*, No. 13-CV-7172(NSR)(LMS), 2014 WL 5823073, at *6 (S.D.N.Y. Nov. 10, 2014) (noting importance of proffering colorable excuse).

In addition to first assessing whether Plaintiff made reasonable attempts to effectuate service within the prescribed period, *see Zapata*, a court should consider:

> (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

*Williams*, 2018 WL 1581684, at *5.

Plaintiff has offered no explanation, let alone a colorable one, for her delay in service. (*See* Plf. State Opp'n at 16-18; Plf. CSEA Opp'n at 7-8.) Rather, Plaintiff argues that Defendants had actual notice of the claims and that she would be severely prejudiced if this Court were to dismiss

13

her claims, as the statute of limitations has already expired. (*See* Plf. State Opp'n at 17-18; Plf. CSEA Opp'n at 8.)

Plaintiff is correct that the statute of limitations has already expired on all of her claims against the Defendants. The statute of limitations for filing a Title VII action is the 90 day period triggered by receipt of the right-to-sue letter.[9] *See Joseph v. Athanasopoulos*, 648 F.3d 58, 63 n.5 (2d Cir. 2011); *Ayala v. U.S. Postal Service*, – F. App'x –, 2018 WL 1414536, at *1 (2d Cir. Mar. 22, 2018) (summary order); *Chalasani v. Fran*, No. 13-CV-6535(LAK)(SN), 2015 WL 2129773, at *3 (S.D.N.Y. Feb. 13, 2015), *report and recommendation adopted by* 2015 WL 2137707 (S.D.N.Y. May 6, 2015); *Gibbs v. Imagimed, LLC*, No. 11-CV-2949(ER), 2013 WL 2372265, at *3 (S.D.N.Y. May 30, 2013).

To calculate when the statute of limitations on a Title VII claim expires, where Rule 4(m) was violated, a court must do more than count 90 days from receipt of the right-to-sue letter. The statute of limitations begins to run upon receipt of the right-to-sue letter, but is tolled during the pendency of the Rule 4(m) period. *See Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990) ("The 120 days[10] runs from the filing of the complaint, and the statute of limitations for the underlying clam is tolled during that period. If service is not complete by the end of the 120 days, however, the governing statute of limitations again becomes applicable and the plaintiff must refile prior to the termination of the statute of limitations period."); *see also Ocasio v. Fashion Inst. Of Tech.*, 9 F. App'x 66, 67 (2d Cir. 2001) (summary order).

---

[9] In circumstances where a Plaintiff does not receive a right-to-sue letter at all, the 90 day statute of limitations may nevertheless be triggered by the expiration of the 180 day period following the timely filing of charges with the EEOC, as the right-to-sue letter itself confers no rights, but merely advises Plaintiff of a right it already has. *See Cronas v. Willis Grp. Holdings Ltd.*, No. 06-CV-15295(GEL), 2007 WL 2739769, at *4 (S.D.N.Y. Sept. 17, 2007).

[10] At the time *Frasca* was decided, Rule 4(m), was drafted as Rule 4(j) and the applicable time frame was 120 days, not 90. *See Frasca*, 921 F.2d at 453.

Plaintiff filed this action against CSEA on December 15, 2015, five days before the statute of limitations had expired. It was then tolled until March 14, 2016, when the Rule 4(m) period elapsed. Plaintiff's claims would have been timely if she served them on or before March 14, 2016, but she did not. Plaintiff's failure to serve within the Rule 4(m) timeframe triggered the remaining five days of the limitations period. Consequently, after March 14, 2016, Plaintiff would have been able to salvage her claims if she re-filed the action on or before March 21, 2016.[11] She failed to do so and finally served CSEA in September of 2016, almost six months later.

As to HVDDSO, the analysis is slightly different. In light of this Court's decision that Plaintiff's receipt of the right-to-sue letter subsequent to initiation of this lawsuit automatically cures the exhaustion defects, it follows that the 90-day statute of limitations on the Title VII claims against HVDDSO began running on the date Plaintiff received that letter, February 11, 2016. Since the Rule 4(m) period was already underway, the entirety of the limitations period was tolled until March 14, 2016. *See* Fed. R. Civ. P. 4(m); *see also Frasca*, 921 F.2d at 453. On March 14, 2016, when the Rule 4(m) period expired and Plaintiff had yet to serve HVDDSO, the limitations period resumed running. Plaintiff's improper service on the Attorney General, and not HVDDSO, on June 9, 2016 did not toll the limitations period or render it inapplicable. Plaintiff was thus required to attempt proper service again on or before June 13, 2016. She failed to do so; her Title VII claims against HVDDSO were thus time-barred as of June 14, 2016.

Additionally, it is likely that the limitations period on the NYHRL claim as to both Defendants has expired. The limitations period is three years. *See Lore v. Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012). A claim thereunder will accrue "on the date that an advance employment determination is made and communicated to the plaintiff." *Kearney v. ABN AMRO Inc.*, No. 04-

---

[11] Five days after March 14, 2016 is March 19, 2016, a Saturday. Plaintiff's time was therefore automatically extended until the next business day, March 21, 2016. *See* Fed. R. Civ. P. 6(a)(1)(C).

CV-06885, 2006 WL 2354819, at *4 (S.D.N.Y. Aug. 10, 2006). The limitations period is then tolled from the date the EEOC charges are filed until the plaintiff receives a right-to-sue letter. *Allen v. N.Y. Dep't of Envt'l. Prot.*, 51 F. Supp. 3d 504; *George*, 221 F. Supp. 3d at 436; *Hanley v. Chicago Title Ins. Co*, No. 12-CV-4418(ER), 2013 WL 3192174, at *8 (S.D.N.Y. June 24, 2013). As demonstrated above, it would also be tolled during the Rule 4(m) period. *See Frasca*, 921 F.2d at 453; *Ocasio*, 9 F. App'x at 67. The NYHRL claims against both Defendants began to accrue on November 4, 2014, the date on which Plaintiff claims her EOL leave and position as Secretary of Local 412 was rescinded. (*See* Compl. ¶¶48-49.) It was then tolled, as to both Defendants, on September 8, 2015 when she filed her charges with the EEOC. (*See* Perrin Decl., Exs. B, H.)[12] As to CSEA, it began running again on September 21, 2015, was tolled during the pendency of the Rule 4(m) period, and resumed again on March 14, 2016, when that period expired. At that time, approximately 20 months remained on the NYHRL limitations period against CSEA; it expired on November 18, 2017. As to Defendant HVDDSO, however, the limitations period expired on April 5, 2018, since it was tolled between September 8, 2015 (EEOC charge filed) and February 11, 2018 (right-to-sue letter received), and continued to run thereafter because HVDDSO was never properly served.[13]

The statute of limitations on all of Plaintiff's claims have run; consequently, a dismissal, even without prejudice would bar Plaintiff from re-filing these claims. This factor weights in Plaintiff's favor, but is not dispositive. *See Cassano*, 186 F. Supp. 3d at 323.

---

[12] The Court can and should consider documents attached to a defendant's motion papers on a 12(b)(5) motion to dismiss. *See Cassano*, 186 F. Supp. 3d at 320.
[13] As detailed below, whether or not the statute of limitations on the NYHRL has expired is truly of no moment, since this Court is dismissing the Title VII clams with prejudice, it can properly decline to exercise supplemental jurisdiction over the NYHRL claims.

The second factor also weighs in favor of granting an extension because both HVDDSO and CSEA have actually received copies of the Complaint, (*see* HVDDSO Br. at 20 (noting that HVDDSO received the Complaint from the Attorney General); *see also* CSEA Br. at 6 (noting receipt of personal service in September 2016)), and have both filed Notices of Appearance and engaged in motion practice, (*see* ECF Nos. 11, 23), amounting to actual notice, *see Vaher v. Orangetown, N.Y.*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013); *Gibbs*, 2013 WL 2372265, at *4.

Third, there is no evidence that either of the Defendants attempted to conceal the defect in service. Plaintiff explicitly states that "no party here has attempted to conceal a defect in service." (*See* Plf. State Opp'n at 18.) Indeed, HVDDSO and CSEA raised the issue of service infirmities at the outset of the litigation, (*see* ECF Nos. 18, 24-25); this factor favors Defendants, *Vaher*, 916 F. Supp. 2d at 421 (finding third factor favored defendants where they had "repeatedly raised the service deficiencies since the very outset . . . and Plaintiff *still* ha[d] not attempted reasonable efforts to cure them").

The fourth factor favors Defendants as well. "It is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action, *especially* if the defendant had no actual notice of the existence of the complaint until the service period had expired." *See Zapata*, 502 F.3d at 198 (emphasis added). Neither CSEA nor HVDDO had actual notice of the Complaint until the service period ended. Morever, CSEA was not even served until five months after the statute of limitations had already expired (almost six months after the Rule 4(m) period expired). HVDDSO, on the other hand was never properly served, but received actual notice less than a week before the expiration of the limitations period (almost three months after the expiration of the 4(m) period). Defendants would be prejudiced by an extension and no party can "ignore that the situation is the result of the plaintiff's neglect." *See Cassano*,

186 F. Supp. 3d at 323 (acknowledging prejudice to defendants "insofar as 'extending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants'"); *accord George*, 221 F. Supp. 3d at 437.

On balance, there is an even split in the factors. The Court is mindful of the preference in the Second Circuit of deciding issues on the merits, *see Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995), but finds that Plaintiff's utter failure to provide an explanation for the extensive delay in service warrants dismissal, *see George*, 221 F. Supp. 3d at 437; *see also Smith*, 2014 WL 2823073, at *6. Such an outcome is proper where, as here, Plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay." *Zapata*, 205 F.3d at 199; *Vaher*, 916 F. Supp. 2d at 421 ("[E]ven if the balance of hardships favors the plaintiff a district court may still decline to excuse a failure to timely serve the summons and complaint where the plaintiff fails to advance some colorable excuse for neglect."); *Gibbs*, 2013 WL 2372265, at *5 (dismissal despite expiration of limitations period and actual notice); *Levitant*, 2014 WL 1274734, at *4 (same); *Cassano*, 186 F. Supp. 3d at 323-24 (dismissing claims even where prejudice to plaintiff exists as claims are time-barred, due to "length of [] delay and [] lack of a justifiable excuse for failing to properly serve Defendants."); *see also Astoria Gen. Contract. Corp. v. Office of the Comptroller of New York*, No. 15-CV-1782(NRB), 2016 WL 3144059, at *4 (S.D.N.Y. Apr. 12, 2016). Here, Plaintiff delayed even requesting issuance of the summons until over two months after the Rule 4(m) period expired, requested no extensions of time to serve, and has wholly failed to provide a colorable excuse for the delay; dismissal is proper.

## C. Title VII

Plaintiff alleges violations of Title VII against Defendants HVDDSO, CSEA, and Townsend for sexual harassment and retaliation. (*See* PAC ¶¶ 63-67; Plf. CSEA Opp. at 9-16; Plf. State Opp. at 19-23.) As the Complaint is now dismissed in its entirety against HVDDSO and CSEA, the Court will only consider Defendant Townsend's arguments for dismissal of the Title VII action on the merits. "Title VII makes it an unlawful employment practice for an employer to discharge or discriminate against an individual with respect to conditions of employment, *inter alia*, on the basis of gender." *Fitzgerald v. Henderson*, 251 F.3d 345, 356 (2d Cir. 2001).

Defendant Townsend argues that, as a matter of law, Plaintiff cannot state a cause of action against him because he is an individual. (*See* Townsend Mot. at 1.) This Court has considered and decided this exact argument as against Defendant Townsend in a strikingly similar Title VII action styled *Percy v. New York*, 264 F. Supp. 3d 574, 595 (S.D.N.Y. 2017). This Court therefore adopts the reasoning set forth therein and grants Defendant Townsend's motion to dismiss the Title VII claims.

As this Court is adopting the reasoning of its prior decision regarding claims against Defendant Townsend, a thorough analysis of the argument is not necessary, though a brief review is warranted. The Second Circuit does not permit individual liability under "the remedial provisions of Title VII," and Title VII does not permit claims against defendants in their official capacities. *Percy*, 264 F. Supp. 3d at 595 (collecting cases). Consequently there are no circumstances under which Plaintiff's Title VII claims against Defendant Townsend can stand.

## D. NYSHRL

To the extent the NYSHRL claims are not time-barred (and they are not at least as against Defendant Townsend), this Court declines to exercise supplemental jurisdiction over them. Where

a district court has decided to dismiss all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over remaining claims. *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 182-83 (2d Cir. 2004) (noting that, after dismissal of federal claims, a court can decline to exercise supplemental jurisdiction); *Martinez v. Riverbay Corp.*, No. 16-CV-547(KPF), 2016 WL 5818594, at *5 (S.D.N.Y. Oct. 4, 2016). Considering this Court's decision to dismiss Plaintiff's claims against CSEA and HVDDSO due to improper service, and the Title VII claim against Defendant Townsend under 12(b)(6) with prejudice, this Court declines to exercise supplemental jurisdiction over Plaintiff's NYHRL claims.[14]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend is DENIED and the Defendants' motions are GRANTED. Plaintiff has failed to properly and timely serve both HVDDSO and CSEA, warranting dismissal and this Court declines to grant an extension to cure the defective service. As to Defendant Townsend, Plaintiff cannot, as a matter of law, raise a cognizable claim against him under Title VII. This Court otherwise declines to exercise supplemental jurisdiction over the state law claims since it is dismissing the federal claims. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 31, 36, 40, and 57. The Clerk of the Court is also respectfully directed to terminate the action.

Dated: May 1, 2018
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

---

[14] Defendant HVDDSO also argues that the NYSHRL claims against it are barred by sovereign immunity. (*See* State Br. at 25.) While the Court need not linger on this issue, in light of its foregoing analyses, it suffices to note that Plaintiff concedes this point. (*See* Plf. State Opp'n at 24.)